UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS CREGAN, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | No. 4:16 CV 387 RWS |
| ) | |
| MORTGAGE ONE CORPORATION d/b/a ) | |
| HFC MORTGAGE CORPORATION, et al. ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs Dennis and Patricia Cregan bring this mortgage loan repayment dispute against Defendants Mortgage One Corporation d/b/a HFC Mortgage Corporation ("HFC"), HSBC Mortgage Services ("Mortgage Services"), Beneficial Mortgage Corporation ("Beneficial") (collectively, "HSBC Defendants"), Caliber Home Loans, Inc. ("Caliber"), and U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank"), alleging that Defendants improperly serviced their mortgage loan by, among other things, charging daily simple interest and late fees in violation of the mortgage loan terms. This matter is before me now on the HSBC Defendants' motion to dismiss and for more definite statement under Federal Rules of Civil Procedure 12(b)(6) and 12(e). Plaintiffs concede that certain claims should be dismissed but oppose the dismissal of the remaining claims. For the reasons that follow, I will grant in part and deny in part the HSBC Defendants' motion to dismiss.

## **Background**

Plaintiffs' allegations are as follows. Plaintiffs own real property located at 314 Cherry Hill Dr., Ballwin, Missouri 63011 ("the Property"). Plaintiffs entered into a loan agreement with

HFC encumbering the Property in June 2004. The loan documents include a Note and Deed of Trust.

In April 2010, Plaintiffs filed for relief under Chapter 13 of the United States Bankruptcy Code. On June 21, 2010, HFC filed a Proof of Claim in Plaintiffs' bankruptcy case in the amount of $325,859.95 with a total arrearage of $55,872.01. The total arrearage amount contained a component labeled "Daily Simple Interest Due." Plaintiffs allege that "daily simple interest" as used in the Proof of Claim means that interest was calculated and added to Plaintiffs' loan based on a daily accrual of interest rather than on a monthly accrual basis. On February 7, 2011, Plaintiffs filed an objection to the Proof of Claim based on the "Daily Simple Interest Due" provision, which they claimed was not provided for in the loan. Rather, Plaintiffs contend that the loan terms provide that "interest shall be compounded at $1/12^{th}$ the Contract rate per month."

On April 5, 2011, the objection to the Proof of Claim was settled by an Agreed Order, which provided that the daily simple interest component of the Proof of Claim would be deferred to the end of the note. On June 17, 2011, HFC filed an Amended Proof of Claim removing the daily simple interest component.

Despite the contrary Note terms and the agreement to defer the daily simple interest component, Plaintiffs allege that Defendants calculated interest on the note on a daily accrual basis, which caused Plaintiffs to accrue additional interest charges as well as late charges. Plaintiffs further allege that the late charges they incurred were charged in excess of the maximum amount provided for in the Note. Plaintiffs allege that the accrual of daily interest on their loan has caused more than $100,000 in interest, late charges, and other fees to be added to their loan. Plaintiffs further allege that following the bankruptcy proceeding, Defendants

received a payment from the Chapter 13 Trustee based on the Amended Proof of Claim and the agreed order.

Plaintiffs were discharged from bankruptcy on July 7, 2015. Following their discharge, Plaintiffs received a notice of foreclosure from Caliber setting the sale of the Property on November 10, 2015. It is undisputed that no foreclosure has occurred.

Plaintiffs bring the following six claims for relief: Permanent Injunction (Count I), Breach of Contract (Count II), Conspiracy (Count III), Fraud (Count IV), Missouri Merchandising Practices Act (Count V),[1] and Unjust Enrichment (Count VI).

## **Legal Standard**

In ruling on a motion to dismiss brought under FRCP 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citations omitted). Unlike state

---

[1] The complaint mislabeled both the Fraud and MMPA claims as Count IV. I will treat the MMPA claim as Count V and the Unjust Enrichment Claim as Count VI.

courts which often require detailed statements of fact in a petition, however, the federal rules require only notice pleading. Under FRCP 8(a):

> [A] complaint must include only a short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.

*Romine v. Acxiom Corp.*, 296 F.3d 701, 711 (8th Cir. 2002).

Under FRCP 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

## Discussion

Defendants move to dismiss all of Plaintiffs claims except for their Breach of Contract claim, arguing that Plaintiffs have failed to state a claim under FRCP 12(b)(6) and FRCP 9(b). Defendants also ask me to require Plaintiffs to provide a more definite statement of their Breach of Contract Claim because Plaintiffs' allegations are vague and ambiguous.

**A. Count I (Permanent Injunction) and Count III (Civil Conspiracy)**

In their response the Defendants' motion to dismiss, Plaintiffs concede that "a request for Permanent Injunction is currently moot" because no foreclosure sale is currently scheduled. Plaintiffs also agree that their claim for Civil Conspiracy should be dismissed. In their response brief, Plaintiffs stated that they were contemporaneously filing a motion to dismiss Counts I and III without prejudice. However, no such motion to dismiss has been filed. As a result, I will order Plaintiffs to file any motion to dismiss these claims within ten days of the date of this Memorandum and Order. Or, if Plaintiffs no longer wish to pursue this course of action, they

4

shall notify me of their changed position in the same timeframe. I will reserve ruling on these claims until Plaintiffs' response to this Order is filed.

### B. Count IV (Fraud)

In Count IV, Plaintiffs allege that the HSBC Defendants committed fraud by misrepresenting to Plaintiffs and the Bankruptcy Court that Plaintiffs' loan was a daily simple interest loan, that Defendants would place the Daily Simple Interest component of their Proof of Claim at the end of the Note and would amend the Proof of Claim accordingly, and that Plaintiffs had accrued Total Daily Simple Interest of $38,319.53 through the date of Plaintiffs' Chapter 13 filing. Plaintiffs allege that as drafters of the Note, Defendants knew or should have known the Note called for interest to accrue at $1/12^{th}$ of the Contract rate per month. Additionally, Plaintiffs plead that they reasonably relied on these alleged misrepresentations when they made payments to the HSBC Defendants.

Defendants argue that Plaintiffs cannot allege reasonable reliance as a matter of law because elsewhere in the complaint, Plaintiffs allege that they knew the Note did not have a provision for the accrual of daily interest. Defendants also argue that this claim should be dismissed because Plaintiffs have not stated their claim with particularity under FRCP 9(b).

Because it is dispositive, I will first address the reasonable reliance argument. Plaintiffs argue that because the Proof of Claim and Amended Proof of Claim were filed with the Bankruptcy Court under oath in accordance with 18 U.S.C. § 152, they are presumptively correct and therefore Plaintiffs reasonably relied upon the alleged misrepresentations in those documents. Even assuming that Plaintiffs are correct that the Proof of Claim and Amended Proof of Claim are presumptively correct, Plaintiffs' own allegations would rebut that presumption. Elsewhere in the complaint, Plaintiffs allege that "Defendants were advised by

Plaintiffs throughout the servicing of Plaintiffs' mortgage the note did not have a provision for daily accrual of interest," and that "Plaintiffs' counsel, during Plaintiffs bankruptcy proceeding, separately advised Defendants that the loan was not a daily accrual loan, but a monthly accrual loan." *Complaint* at ¶¶ 80-81. Plaintiffs' allegation that they objected to the Proof of Claim also demonstrates that they did not believe the loan terms provided for daily simple interest accrual. *See id.* at ¶¶ 27-28. As a result, even when construing Plaintiffs' allegations in the light most favorable to them, I cannot help but find that Plaintiffs have failed to state a claim for fraud because their own allegations establish that Plaintiffs did not believe or rely upon the HSBC Defendants' alleged misrepresentations.[2]

### C. Count V (MMPA)

In Count V, Plaintiffs allege that Defendants violated the MMPA, RSMo § 407, *et seq.*, by failing to exercise reasonable care when servicing their loan for many of the same reasons explained above relating to the charging of daily simple interest and late charges. Plaintiffs allege that the daily accrual of interest caused less than $36,000 of their payments to be applied to principal on the Note, which in turn caused daily simple interest to be charged in contravention of the loan's terms and excessive late fees to be incurred.

The HSBC Defendants argue that Plaintiffs have failed to state a claim for violation of the MMPA because they do not allege that HSBC's alleged practices caused them "an ascertainable loss of money or property."

---

[2] In their reply brief, the HSBC Defendants argue that the fraud claim is time-barred by Missouri's five year statute of limitations because, they contend, Plaintiffs' responsive brief demonstrates that their fraud claim is based solely on representations made by HFC in the Proof of Claim. I am not willing to read such specificity into Plaintiffs' brief, nor would doing so be consistent with the requirement that I construe Plaintiffs' factual allegations in the light most favorable to them. Moreover, I do not need to adjudicate this argument on the merits because I have already concluded that Plaintiffs' fraud claim fails as a matter of law. Additionally, I need not and therefore will not address Defendants' FRCP 9(b) arguments.

RSMo § 407.025(1) provides:

Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action ... to recover actual damages.

"An ascertainable loss of money or property is an essential element of a cause of action brought under the MMPA." *Hoover v. Mercy Health*, No. ED97495, 2012 WL 2549485, at *4 (Mo. Ct. App. July 3, 2012) (citing *Chochorowski v. Home Depot U.S.A., Inc.*, 295 S.W.3d 194, 198 (Mo.App.2009); *Freeman Health System v. Wass*, 124 S.W.3d 504, 506–07 (Mo.App.2004)). As a result, "[t]he MMPA gives a private cause of action 'only to one who purchases and suffers damage.'" *Id.* (quoting *Freeman Hlth. Sys.*, 124 S.W.3d at 507) (other internal quotations omitted). Potential damages are insufficient to establish an MMPA claim. *Roberts v. BJC Health Sys.*, 391 S.W.3d 433, 439 (Mo. 2013) (citing *Freeman Hlth. Sys.*, 124 S.W.3d at 506–09).

The Missouri Court of Appeals has held that a plaintiff fails to plead an ascertainable loss of money or property when the plaintiff does not allege that they have paid more than they owe on their loan. In *Freeman*, for example, the court held that the plaintiff could not "reasonably assert that he has been damaged when in fact he is still ahead for the medical goods and services he received and for which he never paid." *Freeman Health Sys. v. Wass*, 124 S.W.3d 504, 508 (Mo. Ct. App. 2004); *see also Lester E. Cox Med. Centers, Springfield, MO v. Huntsman*, No. 003276CVSDWECF, 2003 WL 22004998, at *9 (W.D. Mo. Aug. 5, 2003), aff'd sub nom. *Lester E. Cox Med. Ctr., Springfield, Mo. v. Huntsman*, 408 F.3d 989 (8th Cir. 2005) ("Because [plaintiffs] owe the hospital more than the they claim to have been overcharged, [plaintiffs] can hardly claim to have been damaged. On the contrary, accepting everything they allege as true,

7

[plaintiffs] are still ahead $646.91. Consequently they have not suffered any ascertainable loss here.").

Here, Plaintiffs never allege that they have paid amounts in excess of what is owed to Defendants, or that the amount owed on the loan was unreasonable in excess of what Plaintiffs paid. Plaintiffs allege that they have accrued interest and late charges in excess of what should be owed in the amount of approximately $100,000. Plaintiffs also allege that the Proof of Claim provides that the loan balance at the time of their bankruptcy filing was $325,859.95. Plaintiffs never allege how much they think the reasonable value of the loan should be, or how much of the loan balance they have paid to date.[3]

I note that *Freeman* is slightly distinguishable because the plaintiff in that case had made no payment towards his alleged balance, and here, Plaintiffs allege they have made a payment of some amount. However, the same principle that barred relief in *Freeman* applies here – the Plaintiffs have not alleged an ascertainable loss of money or property because they have not alleged that they have paid more than they owe or more than the reasonable value of the loan. *Hoover v. Mercy Health*, No. ED97495, 2012 WL 2549485, at *6 (Mo. Ct. App. July 3, 2012). In fact, at best, the allegations suggest that Plaintiffs have only paid a small portion of the amount owed and are therefore "still ahead" on their loan. As a result, Plaintiffs have failed to allege an ascertainable loss of money or property as required by the MMPA, and the claim as brought against the HSBC Defendants will be dismissed.

---

[3] Although not in their complaint, Plaintiff's opposition to the motion to dismiss states that HFC received a payment of $41,952.96 from Plaintiffs through the Chapter 13 Trustee. Under FRCP 12(d), if matters outside of the pleadings are presented in a motion for judgment on the pleadings, a court may exclude them from consideration, or may consider them and convert the motion into one for summary judgment. **Error! Main Document Only.**I decline to consider the outside materials and thus do not convert the motion into one for summary judgment. Moreover, even if I were to consider this information, it would not change my analysis.

### D. Count VI (Unjust Enrichment)

In Count VI, Plaintiffs allege that the HSBC Defendants have been unjustly enriched by over-charging Plaintiffs' interest, late charges, and fees.

The HSBC Defendants argue that Plaintiffs' unjust enrichment claim should be dismissed because Plaintiffs have also alleged that the parties' relationship is governed by an express contract which covers the same subject matter of their unjust enrichment claims. Plaintiffs counter that the claim should survive because the essence of their unjust enrichment claim is that Defendants collected excessive interest and late charges despite there being no agreement providing for such collection activity.

Plaintiffs' argument fails. Plaintiffs cannot argue that the parties *have an agreement* that provides a method for calculating interest fees and late charges and in the same breath argue that their claim is based on the *lack of an agreement*. "Unjust enrichment is 'an equitable remedy based on the concept of a quasi-contract,' and a plaintiff may not 'recover under both an express contract and unjust enrichment.'" *Affordable Communities of Missouri v. Fed. Nat. Mortgage Ass'n*, 714 F.3d 1069, 1077 (8th Cir. 2013) (internal citations and quotations omitted). "Rather, if a 'plaintiff has entered into an express contract for the very subject matter for which he seeks recovery, unjust enrichment does not apply, for the plaintiff's rights are limited to the express terms of the contract.'" *Id.* (quoting *Howard v. Turnbull,* 316 S.W.3d 431, 436 (Mo. Ct. App. 2010)).

Here, the subject matter of Plaintiffs' dispute is contractual in nature. Specifically, the parties dispute what the loan repayment terms are, including how interest accrues and when and how many late charges may be incurred. That is the same subject matter of Plaintiffs' unjust

enrichment claim, which alleges that Defendants were unjustly enriched by their collection of interest and late charges and fees in contravention of the loan agreement's terms. As a result, equitable relief is unavailable, *see Affordable Communities of Missouri*, 714 F.3d at 1077, and the unjust enrichment claim will be dismissed without prejudice.

### E. Count II (Breach of Contract)

In Count II, Plaintiffs allege that Defendants breached the repayment terms of the Note and Deed of Trust by computing interest and charging late fees in contravention and in excess of the Note and Deed terms.

The HSBC Defendants move for a more definite statement of Plaintiffs' breach of contract claim under FRCP 12(e). The HSBC Defendants argue that a more definite statement is needed because Plaintiffs did not attach the Note and Deed of Trust to the complaint, Plaintiffs have not alleged that Defendants breached a specific provision of the contracts, Plaintiffs have failed to allege any facts establishing that they performed or tendered performance under the applicable contracts, and that Plaintiffs have failed to allege when the alleged breach occurred.

Plaintiffs contend that they have sufficiently pleaded their breach of contract claim because the complaint identifies the date, terms, and exact provisions of the Note and Deed of Trust that Defendants are alleged to have breached. Plaintiffs also argue that there is no harm in failing to attach the Note and Deed of Trust to the complaint because Defendants themselves drafted those documents and filed those documents in the bankruptcy action.

FRCP 12(e) provides that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." I find that Plaintiffs' allegations are sufficient to allow Defendants to respond to the complaint. Plaintiffs' complaint alleges when the Note and Deed

and Trust were entered into, that the provision of the Note that is at issue called for interest to be calculated at 1/12th the contract rate per month, and that payments were improperly applied and improper and excessive late charges were incurred. The notice "pleading standard used in federal courts rely on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Romine v. Acxiom Corp.*, 296 F.3d 701, 711 (8th Cir. 2002). The specific information the HSBC Defendants seek regarding Plaintiffs' claims can be obtained through the discovery process. As a result, I will deny the HSBC Defendants' request for a more definite statement of the breach of contract claim.

Accordingly,

**IT IS HEREBY ORDERED** that Mortgage One Corporation d/b/a HFC Mortgage Corporation, HSBC Mortgage Services, and Beneficial Mortgage Corporation ("HSBC Defendants")'s motion to dismiss and for more definite statement #[12] is **GRANTED** in part and **DENIED** in part accordance with the terms of this Memorandum and Order. The motion is granted regarding Plaintiffs' claims for fraud, violations of the MMPA, and unjust enrichment, which will be dismissed as against the HSBC Defendants for failure to state a claim. The HSBC Defendants' motion is denied to the extent it seeks a more definite statement of the breach of contract claim.

**IT IS FURTHER ORDERED** that Plaintiffs shall file any motion to dismiss their claims for permanent injunction and conspiracy, as they represented they would do in their response brief, **no later than June 13, 2016**. If Plaintiffs no longer wish to dismiss these claims, they shall notify the Court of such change in position **no later than June 13, 2016**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file an amended complaint in accordance with the terms of this Memorandum and Order **no later than June 22, 2016**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of June, 2016.